IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CV-318-BO

| | |
|---|---|
| RETHA PIERCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| RO-LYAN REID, ) | |
| MYRTLE BEACH EMPLOYEE, and ) | |
| BRUNSWICK COMMUNITY HOSPITAL, ) | |
| ) | |
| Defendants. ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1) by plaintiff Retha Pierce ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. (*See* 6th D.E. dated 6 Nov. 2012). For the reasons stated below, the court will allow plaintiff's motion to proceed *in forma pauperis*, but will recommend that this case be dismissed.

### ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated her inability to prepay the required court costs. Her motion to proceed *in forma pauperis* is therefore GRANTED.

### MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

**I.　BACKGROUND**

In her complaint (D.E. 1-1), plaintiff asserts ten claims against Brunswick Community Hospital ("BCH") and the individual defendants, Dr. Ro-Lyan Reid ("Dr. Reid") and an unnamed nurse identified as "Myrtle Beach Employee." Claims 1 and 3, brought pursuant to 42

U.S.C. § 1983 ("§ 1983"), allege violations of plaintiff's rights to freedom of speech (Compl. ¶¶ 41-43) and freedom of religion (*id.* ¶¶ 48-50); Claim 2 alleges conspiracy[1] to commit unlawful acts to harm plaintiff (*id.* ¶¶ 44-47); Claims 4 and 5 are brought pursuant to 42 U.S.C. § 1985 ("§ 1985") and allege that defendants failed to prevent a deprivation of her rights (*id.* ¶¶ 51-53) and obstructed justice with the intent of denying her equal protection of the laws (*id.* ¶¶ 54-56); Claims 6 and 7 assert state law claims for fraud alleging falsification of her medical records (*id.* ¶¶ 57-58) and falsification of a mental illness diagnosis (*id.* ¶¶ 59-61); Claim 8[2] asserts a state law claim for medical malpractice (*id.* ¶¶ 62-64); Claims 9 and 10 assert state law claims for libel (*id.* ¶¶ 65-68) and slander (*id.* ¶¶ 69-70[3]), respectively, and allege communication or publication of the alleged false mental illness diagnosis.

Each of the claims arises from plaintiff's inpatient treatment at BCH after she sought treatment there for apparent stroke symptoms. (*Id.* ¶¶ 5-9). At the time of the relevant events, plaintiff was the mayor of Atlantic Beach, South Carolina. (*Id.* ¶¶ 11, 23). She alleges that she sought treatment at BCH rather than a South Carolina hospital "because of her premonition that something would happen to her at a hospital" and her belief that "she could be set up somehow in a South Carolina hospital considering the inconceivable ills (many set- ups) that [she] had already suffered via politics in the State of South Carolina." (*Id.* ¶ 7).

---

[1] It is unclear whether plaintiff is bringing the conspiracy claim pursuant to § 1985 or state law. However, for the purposes of this Memorandum and Recommendation, the court will assume both.

[2] While Claim 8 is labeled as an additional fraud claim, it does not, in fact, raise new fraud claims against defendants, but rather only reasserts the falsification of medical records and mental illness diagnosis raised in Claims 6 and 7. Claim 8 does allege fraud in certain legal proceedings in South Carolina, but those allegations do not involve the defendants named in this case.

[3] The last two paragraphs of this claim are numbered 70.

Plaintiff asserts that the nurse who cared for her on her first day in the hospital, defendant Myrtle Beach Employee, recognized her as the mayor of Atlantic Beach and repeatedly urged her to give up her job as mayor. (*Id.* ¶ 11). More specifically, plaintiff alleges:

> The Plaintiff realized that South Carolina was right there in North Carolina in the room with her. The Plaintiff just could not make any sense of why a presumed Nurse never seemed compassionate about her medical condition and kept telling her over and over to give up her position as mayor with an attitude.

(*Id.*).

Plaintiff further alleges that defendant Dr. Reid, the physician who treated her at BCH, mocked her religious beliefs and violated her free speech rights after she told him that the sudden resolution of her stroke symptoms was due to God having healed her. (*Id.* ¶¶ 14-21). Plaintiff further alleges that Dr. Reid ordered plaintiff, over her objection, to be transported by the sheriff to a mental health facility for a psychiatric evaluation.[4] (*Id.* ¶¶ 22-26). Plaintiff asserts that defendants falsified the mental illness diagnosis for the purpose of damaging her political career and preventing her from appearing in court the following day on criminal charges. (*Id.* ¶¶ 23, 27, 58, 60).

Plaintiff seeks relief in the form of actual and consequential damages, costs, and any further relief deemed just and equitable by the court. (*Id.* 16).

## II. APPLICABLE LEGAL STANDARDS

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal.

---

[4] Plaintiff alleges that the mental health facility would not admit her upon arrival due to dangerously high blood pressure and that she was then transported to the emergency room at New Hanover Hospital in Wilmington, North Carolina. (Compl. ¶¶ 32-35).

28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure");

*Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

One basis for subject matter jurisdiction, so-called federal question jurisdiction, is that a claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Another basis is diversity of citizenship or so-called diversity jurisdiction, which requires that the citizenship of the plaintiffs be different from that of the defendants. *Id.* § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). There are also statutes conferring jurisdiction for particular types of cases.

### III. ANALYSIS

After thorough review of the complaint, the court concludes that plaintiff has failed to plead sufficient facts to support her federal claims brought pursuant to § 1983 and § 1985. The court further concludes that there is no basis to exercise jurisdiction over plaintiff's remaining state law claims.

### A. § 1983 Claims

To establish a claim under § 1983, a plaintiff must prove: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation of the right was committed by a person acting under the color of state law. *Williams v. Studivent*, No. 1:09CV414, 2012 WL 1230833, at *4 (M.D.N.C. 12 Apr. 2012) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Plaintiff's complaint is completely devoid of any allegation or other indication that defendants acted under the color of state law in allegedly[5] depriving her of her First Amendment rights of freedom of speech and religion. Because plaintiff has failed to allege one of the required elements of a claim under § 1983, Claims 1 and 3 should be dismissed. *See Williams*, 2012 WL 1230833, at *5 (dismissing § 1983 action on the grounds that plaintiff had failed to allege that the defendant had acted under color of state law); *see also White ex rel. Davie RV Supply LLC v. Bailey*, No. 1:00CV01017, 2001 WL 293665, at *2 (M.D.N.C. 13 Feb. 2001) (same).

### B. § 1985 Conspiracy Claims

Plaintiff has alleged claims of conspiracy to deprive her of her rights under § 1985(3) (Claim 4) and conspiracy to obstruct justice under § 1985(2) (Claim 5). Each of these subsections requires a plaintiff to demonstrate a conspiracy by "two or more persons."[6] "[T]he

---

[5] Because the court concludes that plaintiff has failed to adequately allege state action required to sustain a claim under § 1983, it has not addressed whether the complaint contains sufficient allegations to plead deprivation of her First Amendment rights.

[6] These subsections of § 1985 provide as follows:

> (2) Obstructing justice; intimidating party, witness, or juror
>
> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to

law is well settled that to prove a section 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). Section 1985 claims fail "whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Id.* (citing *Gooden v. Howard Cnty.*, 954 F.2d 960, 969-70 (4th Cir. 1992) (holding that "courts have . . . required that plaintiffs alleging unlawful intent in conspiracy claims under § 1985(3) or § 1983 plead specific facts in a nonconclusory fashion to survive a motion to dismiss")).

Here, plaintiff has failed to allege any facts that would even suggest an agreement or "meeting of the minds" between or among defendants or other parties to take any action in violation of plaintiff's rights. *See A Society Without a Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011) (affirming district court's dismissal of § 1985(3) conspiracy claim because plaintiff had failed "'to allege with any specificity the persons who agreed to the alleged conspiracy, the

---

by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;
(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(2), (3).

specific communications amongst the conspirators, or the manner in which any such communications were made'" (quoting findings of the magistrate judge)). Accordingly, Claims 4 and 5 should be dismissed. Further, while plaintiff has not specified whether the conspiracy claim raised in Claim 2 is pursuant to § 1985 or some other law, this claim should also be dismissed due to a lack of allegations of an agreement.

### C. Remaining State Law Claims

Having concluded that all of plaintiff's claims raised under federal law should be dismissed, the court further concludes that plaintiff's remaining state law claims[7] of fraud, medical malpractice, libel, and slander[8] (Claims 6-10) must also be dismissed. Federal question jurisdiction over plaintiff's complaint is defeated by the court's determination that all of plaintiff's federal claims must be dismissed. Further, the allegations in the complaint indicate that, like plaintiff, defendant Myrtle Beach Employee is a resident of South Carolina, thus precluding the court's assuming jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1367, a district court may decline to exercise supplemental jurisdiction over state law claims if it has "dismissed all claims over which it has original

---

[7] To the extent that plaintiff's conspiracy claim in Claim 2 was intended to be brought pursuant to state law, it would be subject to dismissal on the alterative basis discussed here.

[8] Courts have deemed each of these causes of action to be state law claims in the context of exercising supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). *See, e.g., R.H. Bouligny, Inc. v. United Steelworkers of Am., AFL-CIO*, 336 F.2d 160, 165 (4th Cir. 1964) ("[F]ederal courts uniformly have held that libel and slander actions are to be governed by the substantive law of the state in which the torts allegedly occur."); *see also Davis v. Jones*, No. 5:12-cv-143-RJC, 2012 WL 4959497, at *3 (W.D.N.C. 16 Oct. 2012) (exercising supplemental jurisdiction over plaintiff's state law medical malpractice claim); *Chubirko v. Better Bus. Bureau of S. Piedmont, Inc.*, 763 F. Supp. 2d 759, 768 (W.D.N.C. 2011) (declining to exercise supplemental jurisdiction over plaintiff's state law claims of conspiracy, fraud, libel, defamation, and reckless negligence); *Dickerson v. City of Charleston Police Dep't*, No. 1:10-1625-TLW-SVH, 2010 WL 3927513, at *1 (D.S.C. 26 Aug. 2010) ("[C]laims such as defamation . . . are state-based claims that are cognizable in this Court under its supplemental jurisdiction, but only if there is diversity of citizenship among the parties or a viable federal-question claim evident against the Defendant whose potential liability is being considered.").

jurisdiction." 28 U.S.C. § 1367(c)(3). Further, "[t]he elimination of all federal claims before trial is generally a sufficient ground in itself for declining supplemental jurisdiction over pendent state-law claims." *Sansotta v. Town of Nags Head*, 863 F. Supp. 2d 495, 514 (E.D.N.C. 2012); *see also Tigrett v. Rector & Visitors of Univ. of Va.*, 137 F. Supp. 2d 670, 680-81 (W.D. Va. 2001), *aff'd*, 290 F.3d 620 (4th Cir. 2002) (state claim dismissed pursuant to 28 U.S.C. § 1367(c)(3) after dismissal of all federal claims). Accordingly, it will be recommended that plaintiff's remaining state law claims be dismissed.

## IV. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 3 January 2013, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 20th day of December 2012.

James E. Gates
United States Magistrate Judge