IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-318-BO

| | |
|---|---|
| RETHA PIERCE, )<br>                    Plaintiff, )<br>)<br>v. )<br>)<br>RO-LYAN REID, MYRTLE BEACH )<br>EMPLOYEE, AND BRUNSWICK )<br>COMMUNITY HOSPITAL, )<br>                  Defendants. )<br>_____) | O R D E R |

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge James E. Gates regarding frivolity review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff has objected to the memorandum and recommendation (M&R), and the matter is ripe for review. For the reasons discussed below, the Court adopts the M&R and dismisses plaintiff's complaint.

## BACKGROUND

Plaintiff filed this action under 42 U.S.C. §§ 1983 and 1985 asserting medical negligence and malpractice by defendants. Plaintiff alleges that defendants violated her First Amendment rights to freedom of religion and freedom of speech, and in addition asserts state law causes of action for conspiracy, failure to prevent depravation of rights, obstruction of justice, fraud, libel, and slander. Each cause of action arises out of plaintiff's inpatient treatment at Brunswick Community Hospital after she sought medical attention for apparent stroke symptoms. Plaintiff alleges that defendants, *inter alia*, urged her to give up her job as mayor of Atlantic Beach, mocked her religious beliefs, ordered, over her objection, that she be transported to a mental

health facility, and that defendants falsified a mental illness diagnosis to damage her political career. The M&R concludes that plaintiff has failed to state any federal claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6), and recommends that those claims be dismissed and that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims. 28 U.S.C. § 1367.

## DISCUSSION

A district court is required to review de novo those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The deadline to file objections to Judge Gates' M&R was January 3, 2013; plaintiff filed her objection on January 4, 2013. As plaintiff's objection was untimely, the Court need only review the M&R for clear error. Even if the Court were to consider plaintiff's untimely objection, however, de novo review is not required when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the magistrate judge's recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Further, when "objections to strictly legal issues are raised and no factual issues are challenged, de novo review may be dispensed with." *Id.*

Upon review of the complaint and Judge Gates' recommendation, the Court is satisfied that there is no clear error. Plaintiff has failed to allege that defendants acted under color state

2

law and her claim under § 1983 must therefore be dismissed. *See West v. Atkins*, 487, U.S. 42, 48 (1988) ("to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.") Plaintiff's § 1985 claim must also be dismissed as she has failed to allege any facts that would suggested a conspiracy to violate her constitutional rights. *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995) (to prove § 1985 conspiracy plaintiff must show "an agreement or a 'meeting of the minds' by defendants . . .."). In light of the appropriateness of dismissal of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff's untimely objections do not alter the Court's holding as they are general, conclusory, and point to no specific error.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the M&R [DE 3] as it is not clearly erroneous or contrary to law. Accordingly, for the reasons discussed therein, plaintiff's complaint is hereby DISMISSED in its entirety.

SO ORDERED, this __15__ day of February, 2013.

                               TERRENCE W. BOYLE
                               UNITED STATES DISTRICT JUDGE